## Case No. 4,245.

### EARLE v. The ALIDA.

[13 Leg. Int. 369.]

District Court, Pennsylvania. 1856.

PER CURIAM. The question raised in this case on the merits is whether the lessee of a wharf for a fixed period of time has a lien upon the vessel for wharfage.

Held, that the act embraces wharfage under whatever title it is used, unless the vessel is placed there in wrong of the owner. She is in pawn or pledge to the owner of the wharf for the value of her accommodation, and the statute preserves the effect of the pledge for ten days after her removal. The charge can only be allowed for the time the vessel actually occupies the wharf, and must be pursued in the same manner as if the case was without bargain as to terms and duration. Accordingly, a recovery cannot be had for the entire contract price, when the vessel was not at the dock the whole period; the lien being given by the statute can be availed of only pursuant to the appointment of the statute, although the rate of wharfage may be matter of agreement between the parties. The vessel being a domestic one, can be subject to no lien not given by the local law. This case does not stand on the footing of a petition for payment of wharfage out of proceeds in court. It is an original proceeding in rem against the vessel itself, and must be governed by the rules applicable to suits of that character. It is not necessary, in order to avoid its effect, that the claimant should plead in bar of lien. It belongs to the libelant to prove in the first instance that his case makes the privilege of the statute. Ordered, a reference to a commissioner to ascertain and report the amount of lien on these principles.